Kimberly-Claire E. Seymour, OSB 201588
Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, Oregon 97401
(541) 465-6937 Telephone
(541) 465-6975 Facsimile
Kimberly_Seymour@fd.org

Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN GAITHER, JR.,<br><br>Defendant. | Case No. 6:26-cr-00109-MTK<br><br>**MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE** |

Ryan Gaither, Jr., through his counsel Assistant Federal Public Defender Kimberly-Claire E. Seymour, moves to compel production of all discovery to which the defense is entitled under the Federal Rules of Criminal Procedure, the Jencks Act, and *Brady v. Maryland*, 373 U.S. 83 (1963). The government has produced two volumes of discovery since Mr. Gaither's arraignment on May 5, 2026. Now, with less than 30 days until trial, the government has failed to produce key body camera video evidence, among other important evidentiary items.

The defense still does not have the following materials and requests their production:

- All Federal Protective Service CCTV footage captured January 27, 2026, from every available camera angle;
- All body-camera footage of arresting, investigating, and/or interrogating officers, including AV2;
- All manuals addressing the usage of body-worn cameras that applied to Federal Protective Service and U.S. Customs and Border Protection Special Response Team;
- Results of open source and social media search of Gaither, referenced at Bates 47;
- Medical records documenting AV2's follow-up medical visit; and
- Native copies of all photos taken of Gaither and AV2.

The requested information/documentation is critical to ensure Mr. Gaither's rights to effective assistance of counsel, confrontation, cross-examination, and due process.

## I. Defendant moves for the production of discovery under Fed. R. Crim. P. 12(b)(4), 16.

Defendant moves for the production of discovery under Fed. R. Crim. P. 12(b)(4), 16. This request is not limited to items the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care,

or knowledge of any investigative or other governmental agencies closely connected to the prosecution. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *United States v. Bryan*, 868 F.2d 1032 1036 (9th Cir. 1989).

### A. Production of Native Files and Associated Metadata

The government should produce electronically stored information (ESI) in native file format together with associated text, metadata, and load files.

### B. Defendant's Statements

Under Fed. R. Crim. P. 16(a)(1)(A)–(B), the government must reveal all written/oral statements made by Defendant, regardless of whether the government intends to make any use of those statements. Fed. R. Crim. P. 16 advisory committee's note to 1991 amendment; *see also United States v. Bailleaux*, 685 F.2d 1105, 1113–14 (9th Cir. 1982).

### C. Personnel Records of Government Officers

Defendant moves for production of all citizen complaints and other related internal affairs documents involving any law enforcement officers who were involved in the investigation, arrest, and/or interrogation of Defendant. *State v. Fleischman*, 495 P.2d 277, 282 (1972) ("When the state chooses to prosecute an individual for crime, it is not free to deny him access to evidence [e.g., police personnel files] that is relevant to guilt or innocence, even when otherwise such evidence is or might be privileged against disclosure.") Because of

the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

### D. Government Review of Law Enforcement Personnel Files

Defendant requests that the government examine the personnel files and related files within its custody, care, or control, or which could be obtained by the government, for all testifying witnesses.

Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), a prosecutor must produce exculpatory evidence in the possession of the government. In *Giglio v. United States*, 405 U.S. 150, 154 (1972), the Court held that a defendant has the right to production of any information about the government's witnesses relevant to impeachment.

In *United States v. Henthorn*, 931 F.2d 29, 30–31 (9th Cir. 1991), the Ninth Circuit held that *Brady* and *Giglio* require the government to examine the personnel files of law enforcement witnesses for material that must be produced to the defendant. *Henthorn* discussed the procedure that "the prosecution *must* follow when confronted with a request by a defendant for the personnel files of testifying officers": (1) the government must disclose information determined to be material and favorable to the defense; and (2) the government must submit to the trial court for in camera inspection information if the prosecution is uncertain about its materiality. *Id.* (emphasis added).

In *United States v. Herring*, 83 F.3d 1120, 1121–23 (9th Cir. 1996) the Ninth Circuit held that a prosecutor does not have a constitutional duty to *personally* review potential *Henthorn* material. While Defendant acknowledges that *Herring* is good law, Defendant requests that the prosecutor in this case *personally* review the relevant personnel files of the government's law enforcement witnesses, or in the alternative, that the case agent do so.

Because the obligation to disclose is predicated on a determination of materiality, Defendant specifically requests that the prosecutor or case agent — not some distant law enforcement officers — review the files. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request. *United States v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992). Prosecutors have "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles*, 514 U.S. at 437–38.

The need for proper safeguards to ensure compliance by the government is highlighted by the gross prosecutorial misconduct uncovered in the prosecution of the late Senator Ted Stevens. *In re Special Proceedings*, 825 F. Supp. 2d 203, 204–05 (D.D.C. 2011). After an investigation uncovered multiple *Brady* violations, the Department of Justice moved to set aside the verdict and to dismiss the indictment with prejudice. *Id*. at 204. The trial court granted the motion to dismiss. *Id*. And a subsequent, court-ordered investigation of the

prosecutors involved in the case concluded that the prosecution was "'permeated by the systematic concealment of significant exculpatory evidence.'" *Id*. at 205 (quoting Report to the Honorable Emmet G. Sullivan of Investigation Conducted Pursuant to the Court's April 7, 2009 Order). The investigator cited "significant, widespread, and at times intentional misconduct." *Id*. But the investigation did not lead to criminal charges or sanctions against the prosecutors because the trial court did not specifically order the prosecution to disclose *Brady* materials. Instead, the trial court "accepted the repeated representations of the subject prosecutors that they were familiar with their discovery obligations, were complying with those obligations, and were proceeding in good faith." *Id*.

Defendant brings the *Stevens* case to this Court's attention as a reminder that the constitutional protections afforded to criminal defendants in *Brady*, *Giglio*, and *Henthorn* are not self-executing. Instead, they demand appropriate safeguards.

Only the prosecutor has the legal knowledge and ethical obligations to fully comply with *Henthorn* requests. *See Jennings*, 960 F.2d at 1492. As an alternative, the prosecutor may choose to have the case agent review documents and produce potentially discoverable materials to the prosecutor.

As Defendant requests, requiring that the prosecutor or at least the case agent review documents that potentially contain discoverable material helps

to ensure that the government complies with *Henthorn*. To allow the agency employing the witness to review its own records would allow self-policing by individuals who might, if inclined to, err on the side of non-disclosure. Such self-review would be conducted in such a manner as to protect the interests of the agency and its employees, not a criminal defendant. Only review by the prosecutor, the case agent, or the Court will ensure full compliance with *Henthorn*.

### E. Arrest Reports, Notes, Dispatch Tapes, and Radio Traffic

Defendant specifically moves for a copy of all arrest reports, notes, dispatch or any other tapes, radio traffic records, and TECS records that relate to the circumstances surrounding Defendant's initial contact with government agents and any questioning. This request includes any rough notes, records, reports, transcripts, photographs or other documents in which Defendant's statements or any other discoverable material is contained. Specifically, Defendant moves for production of rough notes taken by agents during Defendant's interrogations.

### F. *Brady* Material

Defendant moves for a copy of all documents, statements, agents' reports, and tangible evidence favorable to Defendant on the issue of guilt or which affects the credibility of the government's witnesses and case. Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), impeachment and exculpatory

evidence constitute evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667, 676–78 (1985). Further, in *Milke v. Ryan*, 711 F.3d 998, 1012 (9th Cir. 2013) the Ninth Circuit held that "[a]ny evidence that would tend to call the government's case into doubt is favorable for *Brady* purposes." The United States Supreme Court held in *United States v. Agurs*, 427 U.S. 97, 108 (1976) that "the prudent prosecutor will resolve doubtful questions in favor of disclosure." Thus, Defendant requests disclosure of all *Brady* material.

What is included under *Brady*'s umbrella? Government disclosure of material, exculpatory, and impeachment (i.e., favorable) evidence is part of the constitutional guarantee to a fair trial.

- *Brady*, 373 U.S. at 87 (exculpatory evidence);
- *Giglio*, 405 U.S. at 154 (impeachment evidence);
- *Kyles*, 514 U.S. at 437 (favorable evidence).

The law requires the disclosure of "exculpatory" and "impeachment" (i.e., favorable) evidence when such evidence is material to guilt or punishment. *Brady*, 373 U.S. at 87; *Giglio*, 405 U.S. at 154. Because they are constitutional obligations, *Brady* and *Giglio* evidence must be disclosed regardless of whether the defendant makes a request for exculpatory or impeachment evidence. *Kyles*, 514 U.S. at 432–33. "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles*, 514 U.S. at 437 (emphasis added).

The focus should be on the prosecutor's pre-trial disclosure duty, not the backward-looking appellate materiality standard. Because the "significance of an item of evidence can seldom be predicted accurately until the entire record is complete, the prudent prosecutor will resolve doubtful questions in favor of disclosure." *United States v. Agurs*, 427 U.S. 97, 108 (1976) (emphasis added).

When in doubt, the prosecution should turn it over. *Id*.

- "A prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence." *Kyles*, 514 U.S. at 439.
- "The prudent prosecutor will resolve doubtful questions in favor of disclosure." *Agurs*, 427 U.S. at 108.
- "Where doubt exists as to the usefulness of evidence, [the prosecutor] should resolve such doubts in favor of full disclosure…." *United States v. Price*, 566 F.3d 900, 912 (9th Cir. 2009) (quoting *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984)).

"Such disclosure will serve to justify trust in the prosecutor as 'the representative … of a sovereignty … whose interest … in a criminal prosecution is not that it shall win a case, but that justice shall be done.'" *Kyles*, 514 U.S. at 439 (citing *Berger v. United States*, 295 U.S. 78, 88 (1935). And such disclosure "will tend to preserve the criminal trial, as distinct from the prosecutor's private deliberations, as the chosen forum for ascertaining the truth about

criminal accusations." *Kyles*, 514 U.S. at 440. "The prudence of the careful prosecutor should not therefore be discouraged." *Id.*

### G. Defendant's Prior Record

Defendant specifically moves under Fed. R. Crim. P. 16(a)(1)(D) for a copy of Defendant's prior criminal record within the possession, custody, or control of the government. Defendant specifically requests that the copy be complete and legible.

### H. Other-Act or Prior-Act Evidence

The government must produce evidence of "other acts" based on this request. Fed. R. Crim. P. 16(a)(1)(C) (for organizations); Fed. R. Crim. P. 16(a)(1)(D); Fed. R. Evid. 404(b), 609. Notably, Federal Rule of Evidence 404(b) applies to all other acts, not just bad acts, and not just prior acts. *United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999).

- Under Rule 404(b), Defendant specifically requests the government provide complete and timely notice in advance of trial of any other-act evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. *Id.* at 1154–55. Defendant requests that Rule 404(b) notice be given no later than three weeks before trial to give the defense time to adequately investigate and prepare for trial.

- Failure to provide timely and complete notice renders other-acts evidence inadmissible, unless the district court finds "good cause" to excuse late notice. *Id.* at 1153, 1154.
- Upon request, prosecutors must give timely and complete Rule 404(b) notice regardless of how or when the prosecutor intends to possibly use the other-act evidence at trial. Thus, notice is required if the prosecutor intends to use other-acts evidence (1) in its case-in-chief, (2) for impeachment, or (3) for rebuttal. *Id.* at 1153.
- The government does not have to know it will introduce other-act evidence. Rule 404(b) "mandates" that prosecutors "provide notice even if the government intends to introduce the evidence for impeachment or for possible rebuttal." *Id.* at 1155 (citing Fed. R. Evid. 404(b) advisory committee note, 1991 amendment).

### I. TECS or Similar Governmental Database Reports

Defendant moves for all TECS (or other similar governmental database) reports. In *United States v. Vega*, 188 F.3d 1150 (9th Cir. 1999), the Ninth Circuit specifically concluded that TECS records of "prior border crossings" are other-acts evidence "subject to the provisions of Rule 404(b)." *Id.* at 1154. Following *Vega*, there can be no doubt that Rule 404(b) notice is required for any TECS (or similar) records the government intends to possibly introduce at trial for any purpose.

### J. Evidence seized

The defense moves for a copy of evidence seized from any search. Fed. R. Crim. P. 16(a)(1)(E). Defendant also requests an opportunity to examine and photograph all items seized in this case.

### K. Tangible objects

Defendant specifically requests the opportunity to inspect, copy, and test all documents and tangible objects, including any books, papers, photographs, buildings, automobiles, or places (or copies, depictions, or portions thereof) that are material to the defense or intended for possible use in the government's case-in-chief, or were obtained from or belong to Defendant. Fed. R. Crim. P. 16(a)(1)(E).

### L. Evidence of Criminal Investigation of Any Government Witness

Defendant moves for production of any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct.

### M. Jencks Act Material

Defendant moves for production in advance of trial of all material, including dispatch tapes, which the government must produce under the Jencks Act. 18 U.S.C. § 3500; *see also* Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at the request of Defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an

accurate account of the witness's interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1) of the Jencks Act. *Campbell v. United States*, 373 U.S. 487, 490–92 (1963).

### N. Expert Summaries

Defendant moves for production of written summaries regarding all expert testimony the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case-in-chief. Those written summaries must include: (1) the content of the proposed expert testimony, (2) the specific bases for each expert's opinion, and (3) the experts' qualifications. Fed. R. Crim. P. 16(a)(1)(E)–(G).

### O. Reports of Scientific Tests or Examinations

Defendant moves for discovery of the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any fingerprint analyses or chemical tests that are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(F).

### P. Witness List

Defendant moves for advance production of witnesses the government intends to call at trial. The court may, as an exercise of their inherent supervisory powers, direct the government to provide defense counsel with a list of witnesses in advance of trial. *United States v. Richter*, 488 F.2d 170, 173 (9th Cir. 1973). Advance production of a witness list would avoid the possibility of delay and promote the efficiency of trial.

### Q. Omnibus Residual Request

Defendant intends by this discovery motion to invoke the right to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes ALL applicable subsections of Rule 16. Defendant requests that the government provide defense counsel with the above requested material sufficiently in advance of trial to avoid unnecessary delay before trial and before cross-examination.

## II. Motion to Preserve.

### A. Dispatch Tapes and Other Physical Evidence

Defendant specifically moves for the preservation of all dispatch tapes and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case. *United States v. Riley*,

189 F.3d 802 806–08 (9th Cir. 1999) (reversing Riley's conviction because an agent destroyed his own notes from an alibi witness interview).

**B. Instruct Agencies and Individuals to Preserve Evidence**

Defendant further requests that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if evidence that may be destroyed exists, and if it does exist to instruct those parties to preserve it.

**C. Material or Percipient Witnesses**

This request also includes preserving any material or percipient witness who might be deported or is otherwise likely to become unavailable (e.g., undocumented aliens and transients).

**Conclusion**

Based on the foregoing, this Court should issue an order compelling production of all discovery requested above.

Respectfully submitted: September 8, 2026.

*s/ Kimberly-Claire E. Seymour*
Kimberly-Claire E. Seymour
Assistant Federal Public Defender